**UNITED STATES of America**

v.

**Philip A. MANGLITZ.**

**Crim. Nos. K–83–00393, K–83–00455.**

United States District Court,
D. Maryland.

June 30, 1984.

J. Frederick Motz, U.S. Atty. and Steven A. Allen, and Wendy P. Arnell, Asst. U.S. Attys., Baltimore, Md., for U.S.

Allen L. Schwait and Joyce K. Becker, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, Chief Judge.

Defendant, after entering into a plea agreement with the Government, pled guilty to one count of making a false statement to a federally insured savings and loan association in violation of 18 U.S.C. § 1014 and also to one count of filing a false tax return in violation of 26 U.S.C. § 7206(1).[1] In the course of the Federal Criminal Rule 11 proceeding during which those guilty pleas by defendant were accepted by this Court, the Government introduced, as part of the factual basis for defendant's guilty plea to the false tax return count, without objection from defendant and as an exhibit, a portion of a report authored by members of the Internal Revenue Service (IRS).[2] That IRS report had been prepared on the basis of materials and evidence presented to the grand jury in

---

1. The false statement count is set forth in an indictment in Criminal No. K–83–00393; the false tax return count is stated in a criminal information filed in connection with the plea agreement, Criminal No. K–83–00455.

2. After considerable discussion among this Court and counsel for the Government and defendant, the latter, on the record, stated his lack of objection to acceptance by this Court of the statements and conclusions in that report as

factually correct, despite defendant's stated disagreement with certain of those statements and conclusions. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In sentencing defendant to two years' confinement, a fine of $10,000 and five years' probation to commence at the end of the period of confinement, this Court did in fact consider and rely upon the said report. Prior to sentencing, the Government stated that it would not oppose (a) defendant's withdrawal of his guilty pleas due to

connection with the grand jury's investigation which resulted in the indictment of defendant for making a false statement. Subsequently, defendant filed a motion to seal that exhibit, contending that the Government will be able to use the report in connection with investigation of defendant's civil tax liability without first proceeding under Rule 6(e)(3)(C)(i) (to the extent it can so do under *United States v. Baggot*, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983)), and that the Government will thereby violate Federal Criminal Rule 6(e), unless defendant's motion to seal what is now part of the public record is granted. In essence, defendant's position is that the report should only be available to the Government for use in connection with the sentencing in these cases.

Rule 6(e)(3)(A)(i) provides:

(A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to—

(i) an attorney for the government for use in the performance of such attorney's duty;

. . . .

Rule 6(e)(3)(C)(i) provides:

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court preliminary to or in connection with a judicial proceeding;

. . . .

There is no case law known to this Court which discusses the disclosure of grand jury materials under Rule 6(e)(3)(A)(i) in connection with the taking of a guilty plea under Rule 11. There is authority for the proposition that grand jury materials may be disclosed during the trial of the case, to which the grand jury investigation pertains, without a showing of particularized need under Federal Criminal Rule 6(e)(3)(C)(i). Professor Wright has written:

It has been standard practice for government attorneys [without any prior court order] to use the transcript of the grand jury proceedings in preparing a case for trial, refreshing the recollection of government witnesses, impeaching witnesses at trial, and prosecuting for perjury before the grand jury.

1 C. Wright, Federal Practice and Procedure, Criminal 2d § 107 at 254 (West 1982) (footnotes omitted). In one of the cases cited in support of that statement, *United States v. Garcia*, 420 F.2d 309, 311 (2d Cir.1970), the Second Circuit, in a per curiam opinion, wrote:

There has never been any question of the right of government attorneys to use grand jury minutes, without prior court approval, in preparation for trial and even to make them public at trial to the extent of referring to such minutes during the examination of witnesses.

Professor Orfield has noted the broad ranging use of grand jury materials permitted at trial, Orfield, *The Federal Grand Jury*, 22 F.R.D. 343, 409–10, and has stated:

The first sentence of Rule 6(e) [now found in 6(e)(3)(A)(i) ] provides for disclosure to the government for use in the performance of duties and says nothing about court action.

At the trial the court at the request of the government may read portions of the grand jury minutes to refresh the recollection of the witnesses.

*Id.* at 451 (footnote omitted). In the case cited by Professor Orfield in support of that comment, *United States v. Weinberg*, 226 F.2d 161, 168 (3d Cir.1955), *cert. denied*, 350 U.S. 933, 76 S.Ct. 305, 100 L.Ed. 815 (1956), defendants challenged during their appeal "a straight-forward reading of the requested portions of the grand jury minutes for the legitimate purpose of refreshing the recollection of the witnesses," contending that the District Court admitted

---

the introduction of the report into the public record and (b) the subsequent scheduling of the cases for trial. *See* Government's Supplemental

Memorandum in Opposition to Motion to Seal at 3 n. 1. Defendant did not seek to withdraw his said guilty pleas.

such evidence without a proper foundation. The Third Circuit rejected that argument: "The actual extent of the preliminary background necessary to support such use of grand jury minutes is within the discretion of the trial judge. In the instances cited to us that discretion was not abused." *Id.* at 168. In *Weinberg,* neither the defendants nor the Court raised any question as to the need of the Government to proceed under Rule 6(e)(3)(C)(i). Similarly, in a number of reported cases, defendants have urged that the trial court did not appropriately admit into evidence grand jury materials, but have not contended that there was any need for a showing by the prosecutors of particularized need or for any advance court order. *See, e.g., United States v. Walker,* 696 F.2d 277, 280–81 (4th Cir. 1982), *cert. denied,* —— U.S. ——, 104 S.Ct. 234, 78 L.Ed.2d 226 (1983); *United States v. Murphy,* 696 F.2d 282, 283–84 (4th Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 2124, 77 L.Ed.2d 1303 (1983); *United States v. Garner,* 574 F.2d 1141, 1143–44 (4th Cir.), *cert. denied,* 439 U.S. 936, 99 S.Ct. 333, 58 L.Ed.2d 333 (1978); *United States v. West,* 574 F.2d 1131, 1134–38 (4th Cir.1978). In those cases, the challenges by defendants have been viewed as posing evidentiary and related issues, and not as raising any Rule 6(e) question.

■ Defendant claims that use at trial is meaningfully different from use during a Rule 11 proceeding. Use at trial is "in the performance of the [government] attorney's duty, *i.e.,* the enforcement of federal criminal law. Disclosure is necessary in order for the government to meet its high burden of proof at trial." Defendant's Second Supplemental Memorandum in Support of Motion to Seal at 10. At a Rule 11 proceeding, however, defendant argues disclosure is not "necessary for a government attorney to perform his duty. By the very nature of an arraignment at which a guilty plea is tendered, the federal criminal law has been enforced. Whether or not the government attorney discloses grand jury

material at the Rule 11 proceeding has no impact on the enforcement of federal criminal law. The result of the proceeding will be the same, *i.e.,* a finding of guilt is entered against defendant." *Id.* at 11. The defendant's argument casts the scope of the duty of a government attorney too narrowly and neglects appropriately to take into account the provisions of Rule 11(f), which provides:

> **(f) Determining Accuracy of Plea.** Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

While Rule 11(f) may arguably be satisfied solely by admissions by a defendant, *see Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971), the preferred practice in this Court's view— and one which is and has been followed in this Court for some time—is for the Government to proffer what facts it would prove if the case were to go to trial.[3] In the within cases, the Government introduced the exhibit, which is the subject of the within motion to seal, in exactly that context. Under such circumstances, the argument that the introduction of the challenged material into the public record was not within the scope of the prosecutor's duty and that Rule 6(e)(3)(A)(i) was thereby per se violated by the disclosure, without compliance with Rule 6(e)(3)(C)(i), is without merit.

Defendant also contends that in the within two cases the Government's introduction of the exhibit during the Rule 11 proceeding was a pretext to enable later use by the Government in a civil tax investigation, citing to *United States v. Sells Engineering,* 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), and *United States v. Baggot,* 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983).

---

**3.** The undersigned judge has always so required—and notes that the Government uniformly desires so to do.

The former case involved a combined criminal and civil administrative investigation by the IRS of Sells Engineering, a corporation doing business with the United States Navy and several of its officers. An agent of the IRS subpoenaed various corporate records pursuant to that investigation but Sells Engineering refused to comply. An enforcement order obtained by the IRS from the District Court was stayed pending appeal. While that appeal was before the Ninth Circuit, a federal grand jury began an investigation of the conduct of Sells Engineering. That investigation resulted in an indictment against the corporation and two of its officers. All individual defendants pled guilty to one count of conspiracy to defraud the Government by obstructing an IRS investigation. Subsequently, the Government, while taking the position that disclosure could be made to attorneys and to their staffs in the Civil Division of the Department of Justice, without any court order, see Sells, 463 U.S. at —, 103 S.Ct. at 3137 n. 4, 77 L.Ed.2d at 751 n. 4, moved for permission from the District Court to disclose all grand jury documents to those government attorneys and their staffs in connection with a possible civil suit against Sells Engineering and the individual defendants under the False Claims Act, 31 U.S.C. § 231 et seq. The District Court granted that request under Rule 6(e)(3)(A)(i) on the basis that the attorneys of the Civil Division of the Justice Department qualified as "attorney[s] for the government" and also alternatively under Rule 6(e)(3)(C)(i). The Ninth Circuit reversed, holding that disclosure could only be had by a showing of particularized need under Rule 6(e)(3)(C)(i) and that the District Court did not appropriately construe and apply the particularized need standard of Rule 6(e)(3)(C)(i). After defendants sought and obtained a writ of certiorari to the Supreme Court, Justice Brennan, affirming on behalf of five members of the Court, and over the dissent of four Justices, held that the provisions of Rule 6(e)(3)(A)(i) provide automatic access only to "those attorneys who conduct the criminal matters to which the materials pertain," 463 U.S. at

—, 103 S.Ct. at 3140, 77 L.Ed.2d at 754, and that in order for other government attorneys and their staffs to obtain disclosure, the Government was required to proceed under Rule 6(e)(3)(C)(i).

In Baggot, the IRS sought disclosure of grand jury materials developed in an investigation which resulted in a guilty plea by defendant Baggot to alleged violation of the Commodities Exchange Act, 7 U.S.C. § 6c(a)(A). The IRS sought materials in connection with a civil tax audit to determine Baggot's civil tax liability. The District Court ordered the disclosure, in spite of its conclusion that 6(e)(3)(C)(i) was not applicable, under its "general supervisory powers over the grand jury," Baggot, 463 U.S. at —, 103 S.Ct. at 3166, 77 L.Ed.2d at 789, and because certain grand jury materials involved were not covered by 6(e)(3)(C)(i). The Seventh Circuit, on appeal, reversed and remanded for further proceedings, holding that a civil tax investigation did not constitute use "preliminarily to or in connection with a judicial proceeding" under Rule 6(e)(3)(C)(i), that the District Court had erred in proceeding under its general supervisory powers and that, with one possible exception, all of the grand jury materials were covered by Rule 6(e). Justice Brennan, in an 8–1 opinion affirming the Seventh Circuit, with the Chief Justice dissenting, held that the Government could not, under the authority of Rule 6(e)(3)(C)(i), use grand jury materials to perform a "non-litigative" function as opposed "to prepar[ation] for or ... conduct [of] litigation." 463 U.S. at ——, 103 S.Ct. at 3169, 77 L.Ed.2d at 793.

■ In the light of Sells Engineering and Baggot, it would not appear that the Government could obtain or use the within challenged materials should it decide to pursue a civil tax investigation of defendant, but for the fact that those materials were introduced into the public record during the Rule 11 proceeding. Therefore, defendant contends, that use by the Government of the information set forth in that exhibit in the course of a civil tax investigation would enable the Government

to profit by what defendant in effect labels as a mere pretextual introduction of that exhibit during the Rule 11 proceeding. Under such circumstances, even if the provisions of Rule 6(e) are not violated in a technical sense, justice demands, defendant urges, that the within motion to seal be granted. In response, the Government points to a portion of the plea agreement which provides:

> 4. The United States Attorney's Office specifically reserves the right to bring to the Court's attention at the time of sentencing, for the Court's consideration, any and all information in this Office's possession concerning the background, character and conduct of Mr. Manglitz, including, but not limited to, information pertaining to the counts of the INdictment to which Mr. Manglitz has not entered a plea of guilty and everything which could have been proven with regard to the charges in each count of the Indictment had this case gone to trial.

After consenting to that provision, the Government argues that "defendant should not now be allowed by motion to modify or abrogate this term of the agreement." Government's Opposition to Defendant's Motion to Seal at 4. That is an argument which this Court would not accept *if* the Government's action was in fact pretextual. However, in the light of the denial of any pretextual use by government counsel, the fact that the information in the report was highly relevant to the issue of guilt under the tax charge in the information to which defendant pled guilty and not an unnecessary throw-in, the requirements of Rule 11(f) as discussed *supra*, the wide scope of information which may appropriately be received and considered by the Court in connection with sentencing, *see* 18 U.S.C. § 3577 and *Santobello v. New York*, *supra*, the prosecutor's important role in the sentencing process, and the fact that the report may well have been introduced into evidence if the case had gone to trial and later been available for use by the Government in a civil tax audit of defendant, this Court has no hesitation in finding that the introduction by the Government of the challenged materials during the Rule 11 proceeding was not pretextual. Had defendant desired to prevent the later use of the report, a document of public record, defendant should have plea bargained for the same, thus indicating defendant's desire as a condition of pleading guilty to limit the rights normally available to the Government, as well as to others, to utilize freely information which has been spread upon the public record. In that connection, it is to be noted that after grand jury materials have become public, there is seemingly no—or, in any event, considerably less—need for continuing grand jury secrecy.

Accordingly, this Court will today enter an Order in which defendant's motion to seal will be denied.