UNITED STATES of America, Appellee,

v.

Philip A. **MANGLITZ**, Appellant.

No. 84–6499.

United States Court of Appeals, Fourth Circuit.

Argued April 4, 1985.

Decided Oct. 3, 1985.

David J. Curtin, Washington, D.C. (Amy G. Rudnick, Schwalb, Donnenfeld, Bray & Silbert, William L. Kaplan, Washington, D.C., on brief), for appellant.

Steven A. Allen, Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., Wendy P. Arnell, Asst. U.S. Atty., Baltimore, Md., on brief), for appellee.

Before PHILLIPS, CHAPMAN, and SNEEDEN, Circuit Judges.

SNEEDEN, Circuit Judge:

Philip A. Manglitz was charged in an indictment with tax evasion (Counts One and Two) and making a false statement to a federally insured savings and loan association (Count Three); and, in a separate criminal information, he was charged with filing a false and fraudulent tax return for the calendar year 1980. Manglitz pleaded guilty to filing the false tax return as charged in the criminal information and to making a false statement to a federally insured savings and loan (Count Three of the indictment). In exchange, the government agreed to dismiss Counts One and Two of the indictment at the time of sentencing. Before accepting the plea agreement, the district court conducted a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure.[1] At the Rule 11 hearing, the government disclosed grand jury material and made it part of the public record. The government argues that the grand jury material was disclosed in order to comply with the Rule 11 requirement that the government offer proof of the facts it would have proven if the case had gone to trial. Manglitz argues that the prosecutor's attempt to put the grand jury report into the public record at the time of the Rule 11 hearing was an improper disclosure of grand jury material that is prohibited by Fed.Rule Crim.Proc. 6(e) and the Supreme Court's decisions in *United States v. Sells Engineering*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), and *United States v. Baggot*, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983). The district court, Judge Kaufman presiding, held that the disclosure was proper and denied the defendant's motion to seal the record. A stay was entered prohibiting the use of the grand jury material, pending the outcome of this appeal. We affirm the decision below.

I.

Manglitz pleaded guilty to filing a false tax return in 1980 in violation of 26 U.S.C. § 7206(1) and to making a false statement to a federally insured savings and loan association in violation of 18 U.S.C. § 1014. On November 22, 1983, before accepting the plea agreement, the district court held a Rule 11 hearing. During the Rule 11 hearing, the government introduced, as an exhibit, a portion of an Internal Revenue Service (IRS) report that had been prepared by using materials which had been presented to the grand jury returning the indictment against Manglitz. The prosecutor advised the court that he was prepared to make a statement as to what facts he would have proven if the case were to go to trial on the 18 U.S.C. § 1014 charge and

---

1. Fed.Rule Crim.Proc. 11 sets out the procedures a district court must follow before accepting a defendant's guilty plea. The Rule 11 hearing is designed to ensure that the defendant understands the charges against him and that the guilty plea is given voluntarily.

the 26 U.S.C. § 7206(1) charge, and also what he was prepared to tell the court with regard to the two tax evasion charges that were dismissed under the plea agreement.

The government did not seek a court order, pursuant to Rule 6(e), authorizing it to disclose grand jury material during the guilty plea hearing. The district court specifically stated in its opinion that Manglitz did not object to the introduction of the report at the Rule 11 hearing. *United States v. Manglitz*, 590 F.Supp. 177, 177 n. 2 (D.Md.1984). Manglitz in his brief concedes that he did not object to the introduction of the report containing grand jury materials into the public record at the time of the Rule 11 hearing. Appellant's Brief at 8. Manglitz argues that during the Rule 11 hearing, the government did not advise the court that the IRS report contained grand jury material. During the sentencing hearing, which was held on February 23, 1984, the government stated on the record that it would not oppose the defendant's withdrawal of his guilty plea on the grounds that grand jury material had been introduced into the public record, but Manglitz did not withdraw his guilty plea. Manglitz claims that he did not object to the use of the IRS report by the court during the sentencing process, but that he does object to the introduction of the grand jury material into the public record. On December 7, 1984, Manglitz filed a motion pursuant to Rule 6(e) to seal the IRS report containing grand jury materials.

A portion of the plea agreement, accepted by the defendant, contained the following provision:

4. The United States Attorney's Office specifically reserves the right to bring to the Court's attention at the time of sentencing, for the Court's consideration, any and all information in this Office's possession concerning the background, character and conduct of Mr. Manglitz, including, but not limited to, information pertaining to the counts of the Indictment to which Mr. Manglitz has not entered a plea of guilty and everything which could have been proven with regard to the charges in each count of the Indictment had this case gone to trial.

The district court sentenced Manglitz to two years of confinement and five years on probation, with the probation term to begin at the end of the two-year prison term and also ordered him to pay a $10,000 fine. The district court specifically stated that it relied upon the IRS report in sentencing the defendant. After the sentencing hearing, the district court reviewed the IRS report that had been made part of the public record during the Rule 11 hearing and denied the defendant's motion to seal. The government represented to this Court at oral argument that the IRS report has not yet been used in a civil tax investigation, pending the outcome of this appeal. The district court, in denying the defendant's motion to seal, held that Rule 6(e) had not been violated because the government had disclosed the grand jury material during the course of the Rule 11 proceeding as part of the government's duty to present a factual basis for the guilty plea, and not as a pretext to enable the IRS to use the grand jury material later in a civil tax audit of Manglitz.

II.

The government argues that Manglitz has waived any objection he may have had by consenting to the provision in the plea agreement that allows the government to present evidence to the court to show what the government would have proved at trial. The government also argues that Manglitz waived any objection by not objecting at the Rule 11 hearing and by not withdrawing his plea when given the opportunity to do so by the court. The defendant argues that the government or a defendant cannot waive the privilege of grand jury secrecy.

In reviewing the record, we find that the issue of disclosure of grand jury material during the Rule 11 proceeding and the sentencing procedure were discussed prior to the time the court formally accepted Manglitz's guilty plea. The defendant definite-

ly had an opportunity to withdraw his plea completely or renegotiate the plea so that under paragraph 4 of the plea agreement, the government would be unable to disclose certain information. *See* Joint Appendix at p. 62. The court granted Manglitz a recess to discuss the issue and consider withdrawing the plea.[2]

The defendant did not withdraw the plea and paragraph 4—which allowed the government to allocute as to the facts it would have been able to prove to support the counts that were *nol prossed* and the counts to which the defendant plead guilty—remained in the agreement.

██ Although Manglitz has consented to the disclosure, we nevertheless address the merits of the issue presented in this case because Manglitz has argued that any disclosure of grand jury material in a Rule 11 hearing without a prior court order issued under Rule 6 is a *per se* violation of Rule 6 and the rule announced in *United States v. Sells Engineering.* We reject this argument and hold that the government is not required to obtain a court order under Rule 6 before it discloses grand jury material during a Rule 11 hearing as a part of its duty to inform the court of a factual basis to support the plea.

### III.

Ongoing grand jury proceedings, which have not yet lead to the return of a indict-ment, traditionally have been kept secret. The requirement of grand jury secrecy is codified in Rule 6(e) of the Federal Rules of Criminal Procedure.[3] *Douglas Oil Co. of California v. Petrol Stops Northwest,* 441 U.S. 211, 218 n. 8, 99 S.Ct. 1667, 1672 n. 8, 60 L.Ed.2d 156 (1979). The secrecy of grand jury proceedings, once an indictment has been returned, has been continued for prophylactic purposes, such as, a desire to foster candid disclosure by witnesses summoned to appear, a need to protect grand jury witnesses from violence or retaliation, an attempt to prevent the grand jurors from exposure to outside influences, and a part of an effort not to expose the accused to the public limelight before an indictment is actually returned or to give the accused an opportunity to abscond. *See United States v. Proctor & Gamble Co.,* 356 U.S. 677, 681–82 n. 6, 78 S.Ct. 983, 986 n. 6, 2 L.Ed.2d 1077 (1958).

The rule of grand jury secrecy is not absolute, and Rule 6(e) lists the exceptions which permit disclosure of grand jury material both with and without court approval. Under Rule 6(e)(3)(A)(i), disclosure of grand jury material may be made "to an attorney for the government for use in the performance of such attorney's duty."[4] Rule 6(e)(3)(C)(i) provides that disclosure may be made "when so directed by a court preliminary to or in connection with a judicial proceeding."[5] The district court held

---

**2.** On the record, the court stated as follows:
The Court: [I] will take a recess and let you and Mr. Allen see if you can work out a procedure which is agreeable to both you and the government, but if your position still is that this is an illegal kind of provision in paragraph 4, then I will not accept the plea agreement....
Defense Counsel: I think we need the recess, Your Honor.
The Court: There is no violation of 6(e) and there is no end run around 6(e) by what is in paragraph 4 if the defendant agrees to it.

**3.** The provisions in Rule 6(e)(2) provides as follows:
*General Rule of Secrecy.* A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

**4.** Rule 6(e)(3)(A)(i) provides as follows:
(3) *Exceptions.*
(A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to—
(i) an attorney for the government for use in the performance of such attorney's duty.

**5.** Rule (6)(e)(3)(C)(i) provides:
(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

that disclosure of grand jury material during a Rule 11 guilty plea hearing was within the scope of a prosecutor's duty and that no prior court order, as required under Rule 6(e)(3)(C)(i), was necessary. The court reasoned that disclosure during a Rule 11 hearing was like disclosure at trial and that a prosecutor was not required to obtain a court order prior to a criminal trial in which he planned to introduce grand jury material under any basis allowed by the Federal Rules of Evidence. 590 F.Supp. at 179.

The defendant argues that the district court erroneously applied Rule 6(e)(3)(A)(i) and allowed the prosecutor to make the grand jury· material part of the public record during the Rule 11 hearing without a prior court order and that, in order to preserve the secrecy of the grand jury, the court must now seal the public record permanently. The defendant argues that in a Rule 11 hearing, the prosecutor who wants to use grand jury material must make a strong showing of particularized need and obtain a court order under Rule 6(e)(3)(C)(i). Under Rule 6(e)(3)(C)(i), the government must demonstrate that it has a "particularized need" for the use of the grand jury material, and that in this case the government could not demonstrate that it had a particularized need for the grand jury materials.

We believe that a prosecutor, in performing his duty to enforce the criminal laws of the United States, is not required to obtain a court order prior to disclosing grand jury material at a Rule 11 hearing as long as the material introduced is relevant to the question of guilt or if it will assist the Court in sentencing the defendant. The district court under Rule 11(f) is required to determine the accuracy of the plea:

(f) *Determining Accuracy of Plea*

Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding.

**6.** The Court, before accepting a guilty plea, must inform the defendant of the nature of the charge to which the plea is offered. See Fed.

such inquiry as shall satisfy it that there is a factual basis for the plea.

The government is allowed to allocute about the facts it would have proved, if the case had gone to trial and had not been decided on the basis of a guilty plea. Without such information, the court would be unable to ascertain if the defendant's plea was voluntary and based upon a knowing understanding of the elements of the crimes with which he was charged and the factual basis that would have enabled the government to prove the elements of the crimes charged at the time of trial.[6]

▆ The district court is not required to seal the record after every guilty plea hearing in which a prosecutor discloses grand jury material, unless the prosecutor abuses his discretion and uses the Rule 11 hearing as a pretext for disclosing grand jury material to other government attorneys as prohibited by *United States v. Sells Engineering*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), and *United States v. Baggot*, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983). The Supreme Court in *Sells* held that the particularized need standard of Rule 6(e)(3)(C)(i) applied in those cases where a government attorney who was involved in the criminal prosecution seeks to disclose grand jury material to another government attorney involved in a civil investigation of the same defendant. 463 U.S. at 424, 103 S.Ct. at 3138. In *Sells*, the IRS was investigating Sells Engineering, a contractor that worked for the United States Navy, for criminal and civil tax violations. An indictment was returned against the corporation and its officers, and all of the individual defendants plead guilty to one count of conspiracy to defraud the government. The government moved for a court order to disclose the grand jury materials, but contended that no such order was required and that government attorneys

Rule Crim.Proc. 11(c)(1). For the defendant to know if his conduct falls within the charge he must be told the nature of the charge and the factual basis for proving the elements of the crimes charged.

were entitled to automatic access to grand jury materials. The Court said that Rule 6(e)(3)(A)(i) applied only to "those attorneys who conduct the criminal matters to which the materials pertain." 463 U.S. at 421, 103 S.Ct. at 3136.

In *United States v. Baggot*, the defendant entered a guilty plea to a violation of the Commodity Exchange Act. 7 U.S.C. § 6c(a)(A). After the guilty plea was entered, the IRS sought disclosure of the grand jury materials in order to investigate Baggot's civil tax liability. The Supreme Court ruled that disclosure would be improper, and said that Rule 6(e)(3)(C)(i) did not entitle the government to use grand jury material to engage in non-litigative activities.

The rationale underlying the Supreme Court's decisions in *Sells* and *Baggot* is to prevent the abuse of the inquisitorial powers of a grand jury by limiting the government's ability to use the fruits of a grand jury investigation in areas that are not related to a criminal prosecution. The Court in *Sells* said:

> [B]ecause the Government takes an active part in the activities of the grand jury, disclosure to government attorneys for civil use poses a significant threat to the integrity of the grand jury itself. If prosecutors in a given case knew that their colleagues would be free to use the materials generated by the grand jury for a civil case, they might be tempted to manipulate the grand jury's powerful investigative tools to root out additional evidence useful in the civil suit....

463 U.S. at 432, 103 S.Ct. at 3142. This case does not involve a situation in which a criminal prosecutor directly disclosed materials to a government attorney investigating a civil matter. Rather, in this case the defendant accuses the prosecutor of bad faith in deliberately revealing grand jury material in a Rule 11 hearing so that the material would be in the public record and available to civil government attorneys. The district court, however, specifically held that the prosecutor's actions were not done in bad faith and did not involve a pretextual use of the grand jury material that was designed to circumvent the prohibitions announced in *Sells* and *Baggot*. The information introduced was relevant to the guilty plea and the district judge relied upon it in sentencing the defendant. If a prosecutor did exceed the scope of his authority and reveal voluminous grand jury materials that were not relevant to the question of the defendant's guilt or would not assist the court in sentencing the defendant, then the district court has the discretion to seal the public record to ensure that prosecutors comply with the Supreme Court's mandate in *Sells* and *Baggot*.[7] Otherwise, the proceedings of guilty plea hearings in which grand jury materials were used would be closed to the public, and the information used to sentence the defendant would be unavailable. *Sells* and *Baggot* do not require such a blanket rule of secrecy, and the district court has the power to check any alleged improper disclosures that are pretextual at the time of the guilty plea hearing by later sealing the record.

For the reasons stated above, the judgment of the district court is affirmed.

AFFIRMED.

---

**7.** Both parties admit that this is an issue of first impression, and the defendant suggests that the reason is that the government has recently adopted the tactic of using a Rule 11 hearing or a sentencing hearing as a forum for disclosing grand jury material in an attempt to avoid the prohibitions recently announced in *Sells*.