PHILIP C. GAVOSTO and BARBARA J. GAVOSTO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gavosto v. Commissioner
Docket No. 9099-93
United States Tax Court
T.C. Memo 1994-481; 1994 Tax Ct. Memo LEXIS 489; 68 T.C.M. (CCH) 827; October 3, 1994, Filed *489 For petitioners: Neal J. Hurwitz, For respondent: William J. Gregg, TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: This case is before us on petitioners' motion to suppress evidence on the ground that it is grand jury material received by respondent illegally, and in violation of Rule 6(e) of the Federal Rules of Criminal Procedure (Rule 6(e)), and to vacate the deficiency. Some of the facts have been stipulated for the purposes of this motion and are found accordingly. The stipulation of facts and the stipulated exhibits are incorporated herein by this reference. From approximately 1985 to 1988, Mr. Gavosto was a subject of a grand jury investigation conducted by the U.S. Attorney for the Eastern District of New York. The investigation involved alleged kickbacks to Mr. Gavosto while he was employed by Mobil Corporation. Internal Revenue Service Agent Donald Merz assisted the U.S. Attorney in connection with this criminal investigation. He was directly involved in the development of evidence submitted to the grand jury and had access to such materials. On February 23, 1988, in the United States District Court, Eastern District of New York, Mr. Gavosto waived *490 indictment and pleaded guilty to willfully making, subscribing, and filing a false joint Form 1040, U.S. Individual Income Tax Return, for the year 1981. At a sentencing hearing, on June 10, 1988, the Assistant U.S. Attorney called Mr. Merz as a witness and through him various documents and testimony considered by the grand jury (hereinafter "grand jury materials") were admitted into evidence. Mr. Merz was cross-examined at some length by Mr. Gavosto's counsel, Neal J. Hurwitz, who is petitioners' counsel herein. On September 20, 1988, the sentencing hearing continued, and both petitioners testified. On October 5, 1988, Mr. Gavosto was given a 3-year suspended sentence and sentenced to 3 years' probation, a $ 5,000 fine, 500 hours of community service, and 6 months at a community treatment center. Mr. Hurwitz appeared as Mr. Gavosto's counsel at those hearings. At none of the three hearings did Mr. Hurwitz seek to limit the potential use of the grand jury materials beyond the sentencing process. On February 5, 1993, respondent issued a notice of deficiency for 1979 and another notice of deficiency for the 1980, 1981, and 1982 taxable years. On March 7, 1993, petitioners filed *491 a petition with this Court contesting, among other things, the reliability and credibility of the witnesses upon which respondent relied in preparing the notices of deficiency. In her answer, filed on June 11, 1993, respondent replied that the determination of the omission of income by petitioners was corroborated, in part, by the grand jury testimony of three witnesses. In their reply, filed on August 30, 1993, petitioners inquired whether respondent was in possession of certain grand jury testimony that is now before us as part of the grand jury materials. In her request for admissions, filed on March 14, 1994, respondent again referred to corroborating grand jury testimony. In their response to respondent's request for admissions, petitioners referred to the grand jury testimony identified in the request and asked for copies thereof. [1]
Although the Court had received *492 some indication of a problem involving grand jury materials about 10 days before the case was called for trial at a trial session of the Court scheduled to commence in New York, New York, on April 11, 1994, it was not until the case was called for trial on that date that petitioners' motion was filed. At that time, respondent stated on the record that if petitioners' motion to suppress was granted, respondent conceded the deficiency. [2]
Petitioners ask this Court to suppress the grand jury materials relied *493 upon by respondent, and to vacate the deficiency. Initially, we note that respondent's concession obviates the need for us to consider that portion of the motion requesting that we vacate the deficiency. In any event, invalidation of a notice of deficiency is not the proper remedy where respondent illegally uses grand jury material. Graham v. Commissioner, 82 T.C. 299, 310-311 (1984), affd. 770 F.2d 381 (3d Cir. 1985). Thus, the disposition of petitioners' motion turns upon whether respondent's use of the grand jury materials would violate Rule 6(e). Berkery v. Commissioner, 91 T.C. 179, 188 (1988), affd. without published opinion 872 F.2d 411 (3d Cir. 1989). The foundation of petitioners' position is United States v. Sells Engineering, Inc., 463 U.S. 418 (1983), and United States v. Baggot, 463 U.S. 476 (1983). In United States v. Sells Engineering, Inc., supra, the Department of Justice sought to disclose grand jury material to attorneys and support staff in its *494 Civil Division at the conclusion of its criminal investigation under Rule 6(e)(3)(A)(i). [3] *495 The Supreme Court held that Rule 6(e)(3)(A)(i) applied only to "those attorneys who conduct the criminal matters to which the materials pertain." Id. at 427. The Court explained, "This conclusion is mandated by the general purposes and policies of grand jury secrecy, by the limited policy reasons why Government attorneys are granted access to grand jury materials for criminal use, and by the legislative history of Rule 6(e)." Id. at 427. The Court concluded that attorneys in the Civil Division must secure a court order under Rule 6(e)(3)(C)(i)[4] to obtain disclosure, which requires a showing of "particularized need". Id. at 442-443. In United States v. Baggot, supra, following a plea by the defendant, the Internal Revenue Service (IRS) sought disclosure of grand jury transcripts and documents, under Rule 6(e)(3)(C)(i), for use in its audit to determine the taxpayer's civil tax liability. The Supreme Court determined that an IRS investigation to determine a taxpayer's civil tax liability is not "preliminarily to or in connection with a judicial proceeding" within the meaning of Rule 6(e)(3)(C)(i) and denied disclosure. It is clear that, under Baggot and Sells Engineering, respondent could not, without a Rule 6(e) order or some other justification, utilize the grand jury materials herein. Respondent maintains that the grand jury materials were admitted into evidence at the sentencing hearing and are therefore now public, so *496 that Sells Engineering and Baggot do not apply. Petitioners dispute this, arguing that no waiver occurred at the sentencing hearing, that they received no notice, implied or otherwise, of intended disclosure of the grand jury materials to the civil attorneys and that, while the grand jury materials were marked at the sentencing hearing for use by the witness, Mr. Merz, and for use by the court in sentencing, there was no public disclosure and no authorization for such disclosure. We find no merit in petitioners' various arguments. It is well established that, once grand jury material has been admitted as evidence in a criminal trial, it becomes part of the public record and thus is not subject to Rule 6(e). In re Special February 1975 Grand Jury, 662 F.2d 1232, 1236-1237 n.10 (7th Cir. 1981), affd. sub nom. United States v. Baggot, 463 U.S. 476 (1983); Sisk v. Commissioner, 791 F.2d 58, 60 (6th Cir. 1986), affg. an unpublished order of this Court; Bell v. Commissioner, 90 T.C. 878, 903-904 (1988). [5] The question then becomes whether a sentencing hearing *497 should be treated the same as the rest of a criminal trial. An affirmative answer to this question has been given in the context of the right of the public to know through use by the media of information admitted into evidence at a sentencing hearing. In re Washington Post Co., 807 F.2d 383, 389 (4th Cir. 1986) (Sentencing "clearly amounts to the culmination of the [criminal] trial."); see also Application of The Herald Co., 734 F.2d 93, 98 (2d Cir. 1984) (In discussing the public observation of a pretrial suppression hearing, the court stated, "It makes little sense to recognize a right of public access to criminal courts and then limit that right to the trial phase of a criminal proceeding").
*498 In a narrow context not involving the right of the public to know, the Court of Appeals for the Fourth Circuit in United States v. Manglitz, 773 F.2d 1463, 1467 (4th Cir. 1985), stated in connection with the need for a Rule 6(e) order with respect to the disclosure of information at a Rule 11 (guilty plea) hearing: We believe that a prosecutor, in performing his duty to enforce the criminal laws of the United States, is not required to obtain a court order prior to disclosing grand jury material at a Rule 11 hearing as long as the material introduced is relevant to the question of guilt or if it will assist the Court in sentencing the defendant. * * * [Emphasis added.]
The Fourth Circuit did, however, include a warning that this might not be the case where there is evidence that such disclosure was the result of deliberate action by the Government in bad faith, i.e., involving "a pretextual use of the grand jury material that was designed to circumvent the prohibitions announced in Sells and Baggot." United States v. Manglitz, supra at 1468. [6] There is not the slightest evidence of any such bad *499 faith in the instant case. Petitioners rely heavily on United States v. Alexander, 860 F.2d 508 (2d Cir. 1988). In that case, the defendant sought a reversal of his sentence on the ground that the submission of grand jury materials in a presentencing memorandum of the government, which became part of the public record, had resulted in unfavorable publicity *500 in the media and thereby produced an inappropriate sentence. Although the Court of Appeals for the Second Circuit found that the disclosure did not prejudice the defendant, it voiced its concern about the disclosure as follows: We are not persuaded by the government's argument that unlimited public disclosure was permissible on the theory that the government is entitled to disclose grand jury materials in open court during sentencing proceedings even without court authorization. We reject the government's premise. Rule 6 confers no such privilege; nor are we aware of any need for the government to place grand jury materials in the open record in connection with such proceedings. With respect to sentencing, as contrasted with determinations of the defendant's guilt, there is no requirement that the court consider only evidence adduced in open court. See, e.g., Williams v. New York, 337 U.S. [241] at 250-51 * * * [(1949)]. Thus, we see no reason why the government cannot state its sentencing position in open court in terms that do not reveal matters that occurred before the grand jury, furnishing the supporting grand jury material to the *501 court in a sealed filing. This would parallel the treatment given to presentence reports prepared by the federal probation office. Such reports are used by the court in sentencing; but they are not part of the public record, and they are unavailable to persons other than the court, the parties, and the probation office, except on a showing of compelling need. See generally United States v. Charmer Industries, 711 F.2d 1164 (2d Cir. 1983); Fed.R.Crim.P. 32(c). Similar treatment of grand jury materials would reflect an appropriate balancing of the limited need for disclosure and the societal interest in grand jury secrecy. We conclude that the government's motion for permission to disclose was improperly broad and that the court's granting of that motion without limitation was an abuse of discretion. United States v. Alexander, 860 F.2d at 514.]
We find it unnecessary to resolve the seeming conflict between United States v. Manglitz, supra, and United States v. Alexander, supra, [7] because we think the instant case is distinguishable in that both *502 those cases involved the review by the supervisory court of the action of the District Court judge who presided over the criminal proceeding. Furthermore, a broadly worded order and wide dissemination of the disclosed grand jury materials were involved in Alexander rather than a specific ruling relating to specific grand jury material as is the case herein -- a contrasting fact which has implications in terms of the availability of the element of reliance by respondent. Cf. United States v. Leon, 468 U.S. 897 (1984); see also United States v. John Doe, Inc. I, 481 U.S. 102, 112-113 (1987); Kluger v. Commissioner, 83 T.C. 309, 320-321 (1984). Finally, the defendant in Alexander made his objections to the Government's disclosure to the sentencing court, something that cannot be said for petitioners herein. As we previously pointed out, see supra p. 3, petitioners' counsel made no move to limit the impact of the action by the District Court judge in the sentencing hearing. Cf. United States v. John Doe, Inc. I, 481 U.S. at 106. Indeed, the circumstances *503 herein are such that one could conclude that petitioners' failure so to move and their delay in filing their motion to suppress herein were part of a strategic plan to lead respondent down the primrose path of preparation for trial and create a situation that petitioners hoped would result in a last minute ruling by this Court which would put respondent at an inescapable disadvantage. Cf. ARC Electrical Construction Co. v. Commissioner, 91 T.C. 947, 956 (1988). In this connection, petitioners' claim that they did not and could not waive the limitations of Rule 6(e) is without merit. Any "waiver" of those limitations was created by the District Court judge's action in admitting the grand jury materials into evidence. Petitioners argue that, in contrast to a *504 criminal trial, a sentencing hearing is confidential or, at least, that we should interpret the action of the sentencing judge as limiting the use of the grand jury materials to the sentencing of Mr. Gavosto. In effect, petitioners ask us to turn the requirements for disclosure set forth in United States v. Alexander, supra at 514, into implied conditions attaching to any use of grand jury materials. We are not prepared to go that far, at least under the circumstances herein. The fact of the matter is that when the sentencing judge stated "Admitted", he gave no indication that the grand jury materials were to be treated any differently from any other evidence at the hearing. We are satisfied that there can be no implied confidential (i.e., closed) sentencing hearing in the absence of action of record to that effect by the sentencing judge after satisfying himself that certain clearly defined standards had been met. In re Washington Post Co., 807 F.2d at 389-391; United States v. Byrd, 812 F. Supp. 76, 78 (D.S.C. 1993). Nor are we impressed with petitioners' claim that the grand jury *505 materials remained in the possession of the Government or of the Clerk of the District Court under circumstances which preclude classifying them as matters of public record. Petitioners have failed to submit probative evidence in this regard. Thus, we leave to another day resolution of the question whether such evidence would be sufficient to limit the otherwise "public record" characterization of grand jury materials admitted into evidence at a sentencing hearing. In any event, we are not prepared to substitute our judgment for that of the District Court judge, even if we were to conclude that he should have acted differently. In re Grand Jury Proceedings (Kluger), 827 F.2d 868, 871 (2d Cir. 1987); ARC Electrical Construction Co. v. Commissioner, 91 T.C. at 952-953; see In re Grand Jury Proceedings, Miller Brewing Co., 687 F.2d 1079, 1095-1096 (7th Cir. 1982). Unquestionably, we have jurisdiction to review the action of the sentencing judge herein, see Kluger v. Commissioner, 83 T.C. at 316, but we are reluctant to do so herein particularly because the *506 discretion of a District Court judge is involved, see id. at 320. That discretion, which the Court of Appeals for the Second Circuit recognized in United States v. Alexander, 860 F.2d at 513-514, extends to determining, subject to certain procedural limitations, which matters arising in a sentencing hearing should not be made part of the public record, i.e., sealed. See also Basic Earth Science System, Inc. v. United States, 821 F.2d 1290 (7th Cir. 1987); In re Washington Post Co., 807 F.2d at 390-391; United States v. Byrd, 812 F. Supp. at 78. Finally, we are satisfied that, however broad the scope of review of that discretion by the supervisory court may be, consistent with the views of the Court of Appeals for the Second Circuit in United States v. Alexander, supra, we do not believe those views mandate that this Court, which has no supervisory power, should play such a reviewing role. Under the circumstances herein, and recognizing that the secrecy imperative in respect of grand jury proceedings *507 lessens after the termination of those proceedings (in this case over 6 years has elapsed), see Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979), we are not prepared to conclude that Rule 6(e) prevents respondent from using the grand jury materials. Petitioners' motion will be denied. An appropriate order will be issued. Footnotes
1. This belies petitioners' claim that they only knew respondent possessed the grand jury testimony because of a random statement during discovery.↩
2. The following colloquy took place between the Court and respondent's counsel: THE COURT: I understand that the only issue -- and Respondent's counsel can correct me on this -- is whether these documents that he wanted in the stipulation and used in evidence are a matter of public record. Am I correct that Respondent's representation to me was that if I should find they were not part of public record he would concede the case? MR. GREGG: William J. Gregg for the Respondent. Yes, Your Honor, that's correct.↩
3. Rule 6(e)(3) provides in pertinent part: (A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to -- (i) an attorney for the government for use in the performance of such attorney's duty; * * *↩
4. Rule 6(e)(3) provides in pertinent part: (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made -- (i) when so directed by a court preliminarily to or in connection with a judicial proceeding;↩
5. See Green v. Commissioner, T.C. Memo. 1993-152↩ ("Evidence which is presented at a criminal trial is not protected by the guarantees of secrecy surrounding grand jury investigations, but rather is a matter of public record. * * * Consequently, respondent is not prohibited from using evidence brought before a grand jury which was subsequently used at petitioner's criminal trial to determine petitioner's 1983 civil tax liability.").
6. The Court of Appeals for the Fourth Circuit observed that the "district court is not required to seal the record after every guilty plea hearing in which a prosecutor discloses grand jury material, unless the prosecutor abuses his discretion and uses the Rule 11 hearing as a pretext for disclosing grand jury material to other government attorneys as prohibited by United States v. Sells Engineering, 463 U.S. 418 * * * (1983), and United States v. Baggot, 463 U.S. 476 * * * (1983)." United States v. Manglitz, 773 F.2d 1463, 1467↩ (4th Cir. 1985).
7. An appeal in this case would lie to the Court of Appeals for the Second Circuit. Cf. Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985↩ (10th Cir. 1971).