JAMES C. DUGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dugan v. Commissioner
Docket No. 13588-83.
United States Tax Court
T.C. Memo 1985-38; 1985 Tax Ct. Memo LEXIS 595; 49 T.C.M. (CCH) 586; T.C.M. (RIA) 85038; January 22, 1985
*595 Respondent mailed a notice of deficiency to petitioner, based upon information obtained from a grand jury proceeding pursuant to an order of an appropriate Federal District Court under Rule 6(e), Fed. R. Crim. P. This order was concededly not issued in accordance with standards subsequently laid down in United states v. Baggot,463 U.S. 476 (1983) and In re Special February, 1975 Grand Jury,662 F.2d 1232 (CA7 1981). Held: Petitioner's motion to suppress, deny presumptive correctness, and shift the burden of going forward with the evidence will be denied. Kluger v. Commissioner,83 T.C. 309 (1984), followed. Patrick B. Mathis and John J. Vassen, for the petitioner. Michael W. Bitner for the respondent. CHABOT
*587 MEMORANDUM OPINION CHABOT, Judge: This case is before the Court on petitioner's motion to suppress, deny presumptive correctness and shift the burden of proof to respondent, treated as a motion to shift the burden of going forward with the evidence to respondent. Respondent determined deficiencies in Federal individual income taxes *596 and additions to tax under sections 6653(b) [1] (fraud) and 6654 (underpayment of estimated tax) against petitioner as follows: Additions to Tax
Year
Deficiency [2]
Sec. 6653(b)
Sec. 6654
1978
$173,989.54
$86,994.77
$5,571.47
1979
67,553.37
33,776.69
2,821.74
We must decide whether respondent's use of certain grand jury materials to determine the deficiencies in the instant case was improper. If this use was improper, we must additionally determine whether the sanctions requested by petitioner are appropriate in the context of the instant case. *3 This case has been submitted fully stipulated for purposes of deciding petitioner's motion; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition was filed in the instant case, petitioner resided in Bethalto, *597 Illinois. Sometime before March 17, 1981, petitioner was the target of an investigation entitled "Operation Gateway", conducted by a Federal grand jury within the jurisdiction of the District Court of the United States for the Southern District of Illinois. On March 17, 1981, the United States Attorney for the Southern District of Illinois filed with the District Court a document entitled "MOTION TO DISCLOSE MATTERS OCCURRING BEFORE GRAND JURY" in the case styled "RE: GRAND JURY PROCEEDINGS 'OPERATION GATEWAY' and JAMES CHARLES DUGAN". This motion asked the District Court, pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure (hereinafter sometimes referred to as "Fed. R. Crim. P."), "to allow Revenue Agents of the Springfield Division, and their supervisors and clerical support personnel, to inspect and use records and testimony before the Grand Jury of this District, entitled 'Operation Gateway', in connection with an investigation of James Charles Dugan, Bethalto, Illinois." On March 17, 1981, the District Court granted the United States Attorney's motion by order (hereinafter sometimes referred to as "the Rule 6(e) order") *598 which provides, in pertinent part, "that the records and testimony occurring before the Grand Jury of this *4 District, entitled 'Operation Gateway', may be disclosed to and made available for inspection and use by Revenue Agents of the Springfield Division of the Internal Revenue Service, and their supervisors and clerical support personnel, for purposes of conducting a civil investigation, for tax purposes, of James Charles Dugan." On April 14, 1981, the Internal Revenue Service Springfield District's Criminal Investigation Division forwarded to the Springfield District's Examination Division the materials from the "Operation Gateway" grand jury relating to petitioner (hereinafter sometimes referred to as "the grand jury materials") "in order that you may commence a civil examination of his [petitioner's] tax liabilities". It is not possible to ascertain the date on which the revenue agent who conducted the civil examination of petitioner, upon which the notice of deficiency in the instant case is based, actually looked at the grand jury materials. On March 4, 1983, respondent mailed a notice of deficiency to petitioner for 1978 and 1979. The notice of deficiency determined, *599 on the basis of increases in net worth, that petitioner had unreported income of $275,357.99 and $120,052.10 during 1978 and 1979, respectively. The determinations were based entirely on information obtained by respondent from the grand jury materials. *5 Petitioner contends that respondent's receipt of the grand jury materials was not in compliance with the requirements of Rule 6(e), Fed. R. Crim. P., as interpreted in United States v. Baggot,463 U.S. 476 (1983), affg. In re Special February, 1975 Grand Jury,662 F.2d 1232 (CA7 1981), which opinions were released after the issuance of the Rule 6(e) order. Consequently, petitioner contends, respondent's determinations of deficiencies in the instant case are "tainted" by the disclosure and use of the grand jury materials. Peitioner further contends that the grand jury materials, and the determinations of deficiencies based on those materials, must be suppressed in this proceeding. Petitioner therefore concludes that the presumptive correctness of respondent's determinations must be denied, and the burden of going forward with the evidence must be *600 shifted to respondent. Respondent contends that the receipt and use of the grand jury materials was proper because the materials were obtained pursuant to the Rule 6(e) order. Respondent acknowledges that the Rule 6(e) order did not satisfy the criteria set out in United States v. Baggot,supra, and In re Special February, 1975 Grand Jury,supra. However, respondent contends that the principles announced in those decisions should not apply retroactively to invalidate the Rule 6(e) order. Respondent also contends that the grand jury materials should not be suppressed, because they were obtained in "good faith". *6 We agree with respondent. Our recent Court-reviewed opinion in Kluger v. Commissioner,83 T.C. 309 (1984), is generally dispositive of the contentions raised by petitioner, resolving them adversely to petitioner. Petitioner contends that the instant case differs from Kluger in that petitioner is a resident of Illinois. As a result, appeal from our decision in the instant case would ordinarily be to the Court of Appeals for the Seventh Circuit. Also, the District Court that issued the Rule 6(e) *601 order is in the Seventh Circuit. That Court of Appeals issued its opinion in In re Special February, 1975 Grand Jury,supra, affd. sub nom. United States v. Baggot,supra, on June 25, 1981. Petitioner contends that June 25, 1981, is the appropriate date to begin applying the Baggot standard in cases appealable to the Seventh Circuit, and that the Baggot standard should be applied in the instant case because the notice of deficiency was mailed after June 25, 1981. In the instant case, the Rule 6(e) order was issued on March 17, 1981, more than a month before the Court of Appeals for the Seventh Circuit issued its opinion. Under the retroactivity analysis in Kluger v. Commissioner,83 T.C. at 322-336, the opinion of the Court of Appeals does not operate retroactively to invalidate the Rule 6(e) order, and so the evidence obtained by respondent as a result of the Rule 6(e) order was not obtained *7 illegally. As we concluded in Kluger (83 T.C. at 336), this is a sufficient basis for denying petitioner's motion to suppress, deny presumptive correctness and shift the burden of going forward *602 with the evidence. [3]
Petitioner's motion will be denied.
Footnotes
1. Unless indicated otherwise, all section and chapter references are to sections and chapters of the Internal Revenue Code of 1954 as in effect for the years in issue. ↩
2. Of these amounts, self-employment taxes under chapter 2 are $1,433.70 for 1978 and $1,854.90 for 1979; the remaining amounts are chapter 1 income taxes.↩
3. We do not decide herein how we would treat a Rule 6(e) order issued between Juen 25, 1981 (the date of the opinion in In re Special February 1975, Grand Jury,662 F.2d 1232 (CA7 1981)), and June 30, 1983 (the date of the opinion in United States v. Baggot,463 U.S. 476↩ (1983)), in a case in which an appeal would lie with the Court of Appeals for the Seventh Circuit.