In re DISCLOSURE OF GRAND
JURY MATERIAL.

BASIC EARTH SCIENCE SYSTEMS,
INC., Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 86–1844.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 6, 1986.

Decided June 18, 1987.

Jeffrey Johnson, May, Oberfell, Helling & Lorber, South Bend, Ind., for petitioner-appellant.

Gary D. Gray, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before COFFEY and FLAUM, Circuit Judges, and PARSONS, Senior District Judge.*

FLAUM, Circuit Judge.

Basic Earth Science Systems, Inc. brought this independent action in equity, seeking to have the district court modify or vacate its previous orders that permitted disclosure of certain grand jury materials to the Internal Revenue Service. Basic also requested the district court to enjoin the IRS from using this information against it in any future judicial proceedings. Basic contended that it was entitled to this relief because the court's orders, which were issued in 1977 and 1979, violated the restrictions on disclosure that the Supreme Court subsequently announced in *United States v. Sells Engineering,* 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), and *United States v. Baggot,* 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983). The district court declined to grant Basic the relief that it sought, holding that the restrictions on disclosure announced in *Sells* and *Baggot* did not apply retroactively. Although we do not believe that this case presents the issue of retroactivity, we affirm the judgment of the district court.

I.

In 1976, a federal grand jury sitting in the Northern District of Indiana heard evidence in connection with the construction of the East Chicago Water Pollution Abatement Project. Although the grand jury was not investigating Basic, it received information regarding the company. The grand jury ultimately returned several indictments. Basic was not named in these indictments.

Following the convictions of those charged in the grand jury's indictments, the Internal Revenue Service filed a motion under Federal Rule of Criminal Procedure 6(e)(3)(C)(i),[1] seeking the disclosure of information gathered by the grand jury. The IRS wanted to use this information to facilitate its tax audits. The district court granted the motion. *See In re Proceedings Before Grand Jury,* Misc. No. 384 (E.D.Ind. Apr. 20, 1977). The court later issued a second order permitting the IRS to use the grand jury material in any future civil litigation arising out of its audits. *See id.* (E.D.Ind. Nov. 9, 1979).

Based on the grand jury information, the IRS assessed a deficiency against Basic. Basic is now contesting this deficiency in the Tax Court.

Following the assessment of the deficiency, Basic moved to have the district court

---

* The Honorable James B. Parsons, Senior District Judge for the Northern District of Illinois, Eastern Division, is sitting by designation.

1. This provision creates an exception to the general rule of grand jury secrecy by allowing disclosure of information collected by the grand jury "when so directed by a court preliminarily to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(C)(i).

vacate its orders allowing disclosure of the grand jury materials. Basic also sought an injunction prohibiting any recipient of the grand jury materials from testifying in any judicial proceeding with regard to these materials or disclosing the information contained in the grand jury materials in any other manner. Basic argued that it was entitled to this relief because the district court's 1977 and 1979 disclosure orders violated the standards that the Supreme Court subsequently set forth in *United States v. Sells*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), and *United States v. Baggot*, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983). In those cases, the Court held that Rule 6(e)(3)(C)(i) does not permit disclosure of grand jury material for use in an IRS audit, *Baggot*, 463 U.S. at 480–82, 103 S.Ct. at 3167–68, and that disclosure is only permitted where the government makes "a strong showing of particularized need" for the material, *Sells*, 463 U.S. at 442–46, 103 S.Ct. at 3147–49.

The district court declined to grant Basic the relief that it sought. The court held that because Basic was challenging final orders that were valid when issued, the only question was whether the Supreme Court's 1983 decisions in *Sells* and *Baggot* retroactively invalidated the district court's 1977 and 1979 disclosure orders. The district court, applying the three-step analysis set forth in *Chevron Oil Company v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971),[2] concluded that *Sells* and *Baggot* did not apply retroactively. The court therefore denied the motion, and Basic appealed.

## II.

### A.

At the outset, we must determine precisely what relief Basic is seeking. Basic first suggests that it seeks only a prospective application of the rules set forth in *Sells* and *Baggot*. Basic claims that these

rules should govern any future disclosures that the IRS may make of the grand jury materials currently in the agency's possession. As the district court recognized, this position is incorrect. The rules announced in *Sells* and *Baggot* would apply if the IRS were seeking to disclose the material currently in its possession in a manner that the district court had not previously authorized. *See United States v. John Doe, Inc. I*, —— U.S. ——, 107 S.Ct. 1656, 1662, 95 L.Ed.2d 94 (1987); *Lucas v. Turner*, 725 F.2d 1095, 1102–08 (7th Cir.1984). However, in this case, the IRS is trying to use the materials currently in its possession in a civil litigation, a use expressly authorized in the district court's 1979 order. The IRS is entitled to use the grand jury materials for this purpose unless Basic can demonstrate that the disclosure orders should be vacated. *Cf. John Doe, Inc. I*, 107 S.Ct. at 1660 (Government attorneys who legitimately obtained grand jury information in the course of a criminal investigation were entitled to continue to use it in a later civil investigation.).

Basic next suggests that it is entitled to have the district court's 1977 and 1979 disclosure orders vacated because the rules announced in *Sells* and *Baggot* retroactively invalidated them. We conclude, however, that the concept of retroactivity does not apply in this case.

■■■ The concept of retroactivity concerns the effect of new legal rules on acts performed prior to the announcement of those rules. Under the principle of retroactivity, once a new civil rule has been announced, a court will apply the new rule to resolve a current case even if the acts underlying the dispute occurred prior to the announcement of the rule. *See, e.g., Tidal Oil Company v. Flanagan*, 263 U.S. 444, 44 S.Ct. 197, 68 L.Ed. 382 (1923) (validity of contract governed by a rule adopted after its making). A court will apply the new rule even if it was announced while

---

**2.** Under *Chevron*, the courts will not apply a new rule of civil law retroactively if: it establishes a new legal principle; retroactive application of the rule will not advance its purpose; and retroactive application would be inequitable. *Chevron*, 404 U.S. at 106–07, 92 S.Ct. at 355; *see also Griffith v. Kentucky*, —— U.S. ——, 107 S.Ct. 708, 713 n. 8, 93 L.Ed.2d 649 (1987) (reaffirming the *Chevron* analysis in civil cases).

the case is on appeal. *See, e.g., The Schooner Peggy,* 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801).[3] Once a civil judgment has become final, however, the concept of retroactivity does not apply. A final civil judgment remains binding regardless of any subsequent change in the law. *Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940). This rule reflects the "strong policy favoring the finality of judgments," *Margoles v. Johns,* 798 F.2d 1069, 1072 (7th Cir.1986).

■ The IRS sought the disclosure orders at issue in this case in 1977 and 1979. The orders granting disclosure were never appealed and, as the district court recognized, have become final judgments. *See United States v. Byoir,* 147 F.2d 336, 337 (5th Cir.1945); *see also Bradley v. School Board,* 416 U.S. 696, 711 n. 14, 94 S.Ct. 2006, 2016 n. 14, 40 L.Ed.2d 476 (1974) (defining a final judgment); *see generally Illinois v. Sarbaugh,* 552 F.2d 768, 772–74 (7th Cir.), *cert. denied,* 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977) (discussing appealability of district court rulings on disclosure motions).[4] The concept of retroactivity, therefore, simply does not apply. *But see United States v. (Under Seal),* 783 F.2d 450 (4th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1964, 95 L.Ed.2d 535 (1987).[5]

**B.**

■ Basic could have prevented the IRS from using the grand jury material against it only if it had persuaded the district court, in light of the new rules announced in *Sells* and *Baggot,* to modify or vacate its two disclosure orders. *See Matter of Special March 1981 Grand Jury,* 753 F.2d 575, 577 (7th Cir.1985). The federal courts have inherent equitable power to grant this relief. *United States v. Swift & Company,* 286 U.S. 106, 114–15, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932). However, a petitioner seeking to have a court modify or vacate a final order in light of a change in the law bears a substantial burden. The movant must make "a showing of exceptional circumstances," *McKnight v. United States Steel Company,* 726 F.2d 333, 335 (7th Cir.1984), such as the possibility that failure to vacate or modify the judgment would "work[ ] an injustice or constitute[ ] a 'grievous wrong,'" *De Filippis v. United States,* 567 F.2d 341, 344 (7th Cir.1977) (*quoting United States v. Swift & Company,* 286 U.S. at 119, 52 S.Ct. at 464 (1932)). The fact that the law has changed "does not, by itself, justify relief." *McKnight,* 726 F.2d at 335.[6]

The district court's opinion indicates that the court did not believe that Basic had met the substantial burden necessary to obtain the equitable relief that the company sought. In reaching its decision not to modify or vacate its disclosure orders, the

---

**3.** Despite the strong presumption that new rules apply retroactively, *see Robinson v. Neal,* 409 U.S. 505, 507–08, 93 S.Ct. 876, 877, 35 L.Ed.2d 29 (1973), the Supreme Court uses the three-part test adopted in *Chevron Oil v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971), to determine the exceptional cases in which a new civil rule created by the federal courts applies only to future conduct.

**4.** We recognize that Basic was not aware of the government's *ex parte* disclosure motions, and thus had no opportunity to intervene and appeal these decisions. That, however, does not preclude the orders from becoming final judgments. The availability of this independent action in equity to challenge these final orders provides Basic an opportunity to raise its objections.

**5.** In (*Under Seal*), the Fourth Circuit, applying the *Chevron* retroactivity analysis, held that the rules announced in *Sells* and *Baggot* did not

invalidate disclosure orders issued prior to these decisions. However, the court did not explain why the *Chevron* analysis applied, and we decline to follow its reasoning.

**6.** *McKnight* and *De Filippis* were decided under Federal Rule of Civil Procedure 60(b), which permits a party to petition a court to modify or vacate one of its own judgments. In this case, Basic was not a party to the original action seeking disclosure of the grand jury materials. Rather, Basic has brought this suit as an independent equitable action, seeking to have the disclosure orders modified or vacated. Because Basic was not a party to the original action, Rule 60(b) does not apply. However, the underlying equitable principles are the same here as in a Rule 60(b) motion. *See* 7 J. Moore, J. Lucas, and J. Wicker, Moore's Federal Practice ¶ 60.38[3] (2d ed. 1986).

court applied the *Chevron* retroactivity test, the third prong of which is whether retroactive application of a decision would result in "inequitable results," *Chevron Oil*, 404 U.S. at 107, 92 S.Ct. at 355. The district court stated that vacating its disclosure orders (which it believed would be required if *Sells* and *Baggot* were applied retroactively) would be inequitable to the government. The court did not suggest that allowing the disclosure orders to stand would be inequitable to Basic. *See In Re: Disclosure of Grand Jury Materials*, Misc. No. 86–7, at 8 (N.D.Ind. Apr. 28, 1986). The finding that Basic would not suffer a grievous wrong or injustice if the disclosure orders were not vacated is implicit in the district court's analysis.

Because the district court fully evaluated the equitable considerations involved in this case, on appeal we may treat the district court's decision as a refusal to modify or vacate its disclosure orders on equitable grounds. This court gives great deference to a decision of a district court not to modify or vacate a judgment. *See Tolliver v. Northrop Corporation*, 786 F.2d 316, 318–19 (7th Cir.1986). We will only reverse a district court's decision to uphold a judgment in "cases in which no reasonable person could agree with the district court's decision." *Id.*

In this case, there are equities on both sides. Basic is understandably disturbed that the IRS can use information which, as *Sells* and *Baggot* make clear, the district court could not order disclosed today. Nonetheless, the disclosure orders were valid when issued. At the time the IRS sought the orders, the agency was acting in good faith based on the then-current state of the law. *See Graham v. Commissioner*, 770 F.2d 381, 386 (3d Cir. 1985). In the ensuing years, the IRS has relied on the grand jury material in numerous audits. As the district court recognized, barring the government from continuing to use this material would significantly impede the agency's ability to recoup any taxes that might be owed to it. In light of these considerations, we cannot say that the district court abused its broad discretion in refusing to modify or vacate its prior orders.

### III.

Although the district court's 1977 and 1979 disclosure orders did not comply with the standards subsequently announced in *Sells* and *Baggot*, Basic has failed to persuade us that the district court abused its equitable discretion by declining to modify or vacate those final judgments. The judgment of the district court is AFFIRMED.