**In the Matter of GRAND JURY PROCEEDINGS "OPERATION GATEWAY"**

**Appeal of James Charles DUGAN.**

**No. 86–2705.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 7, 1988.

Decided Feb. 8, 1988.

---

government from using the materials by asking the district court to vacate its 1981 disclosure order. The district court denied appellant's motion and he appeals. Because the only issue appellant raised before the district court is controlled by our decision in *In re Disclosure of Grand Jury Material, Basic Earth Science Systems, Inc.*, 821 F.2d 1290 (7th Cir.1987), we affirm.

Patrick B. Mathis, Mathis, Marifian & Richter, Ltd., Belleville, Ill., for petitioner.

William A. Whitledge, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Before FLAUM, MANION, and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

In March of 1981 the district court issued an order under Federal Rule of Criminal Procedure 6(e)[1] authorizing disclosure of grand jury materials in appellant's case to the Internal Revenue Service. After reviewing the disclosed information, the IRS issued a statutory notice of deficiency to appellant for his 1978 and 1979 tax payments. Appellant contested the deficiency, and his case is now pending before the United States Tax Court. In August of 1986, after the Tax Court denied appellant's motions to suppress the grand jury evidence, appellant sought to prevent the

I.

In 1980, a grand jury began investigating James Charles Dugan in connection with the drug smuggling activities of an organization known as "the Company." On March 17, 1981, pursuant to an *ex parte* government motion, the district court permitted disclosure to the IRS of the grand jury records and testimony.[2] The IRS determined that Dugan had underpaid his 1978 and 1979 tax liability, and issued a statutory notice of deficiency on March 4, 1983. Dugan filed motions with the United States Tax Court on June 3, 1983 contesting the deficiencies.

On June 30, 1983, the United States Supreme Court decided two cases limiting the scope of disclosure under Rule 6(e). In *United States v. Baggot*, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983), the Court held that Rule 6(e) does not allow disclosure of grand jury materials for use in an investigation to determine civil tax liabili-

1. Federal Rule of Criminal Procedure 6(e) reads, in relevant part,
   Rule 6. The Grand Jury
   ....
   (e) Recording and Disclosure of Proceedings.
   ....
   (2) General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.
   (3) Exceptions.
   ....

   (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—
   (i) when so directed by a court preliminarily to or in connection with a judicial proceeding;
   ....

2. The disclosure order read:
   IT IS HEREBY ORDERED, on this date [March 17, 1981] that the records and testimony occurring before the Grand Jury of this District, entitled "Operation Gateway", may be disclosed to and made available for inspection and use by Revenue Agents of the Springfield Division of the Internal Revenue Service, and their supervisors and clerical support personnel, for purposes of conducting a civil investigation, for tax purposes, of James Charles Dugan.

ty.[3] In *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), the Court held that the government must make a showing of "particularized need" in order to obtain disclosure of grand jury materials. Arguing that these decisions should have retroactive effect, Dugan asked the Tax Court to suppress the disclosed evidence. The Tax Court, citing its ruling in *Kluger v. Commissioner*, 83 T.C. 309 (1984) that *Baggot* and *Sells* should not be applied retroactively, denied the motion. *Dugan v. Commissioner*, 49 T.C.M. 586 (1985).[4] After failing to persuade the Tax Court to prevent the IRS from using the grand jury materials, Dugan then made the identical argument to the district court: that the disclosure order must be vacated by retroactive application of *Baggot* and *Sells*. The district court denied the motion without explanation on September 19, 1986. Dugan now argues on appeal that the disclosure order only authorized use of the grand jury materials in a civil investigation (not in tax court proceedings), and that equitable considerations require that the order be vacated.

## II.

Two months before the parties filed their briefs on appeal, this court decided in *Basic Earth Science* that retroactivity analysis is not applicable to Rule 6(e) orders which became final prior to June 30, 1983, when the Supreme Court decided *Baggot* and *Sells*. The district court's Rule 6(e) order in this case is final and binding.[5] Appellant's only appropriate remedy, therefore, is an independent action in equity to challenge the final order. *Basic Earth Science*, 821 F.2d at 1293 n. 4. A movant seeking equitable relief from such an order may prevail only by bearing the substantial burden of showing "exceptional circumstances."

Dugan argued to the district court only that *Baggot* and *Sells* should apply retroactively to the disclosure order in his case. That argument was squarely rejected by our decision in *Basic Earth Science*. Dugan raised no other grounds before the district court, and has therefore waived the other arguments he seeks to advance on appeal. The judgment of the district court is therefore affirmed. Nothing in *Basic Earth Science*, however, prevents Dugan from asking the district court to rule on whether the IRS is exceeding the scope of the order by seeking to use the materials in the Tax Court proceedings. Dugan may also try to convince the district court that exceptional circumstances require that the order be modified or vacated.

---

3. The *Baggot* Court held that an audit to determine civil tax liability is not "preliminary to or in connection with a judicial proceeding" under Federal Rule of Criminal Procedure 6(e)(3)(C)(i). 463 U.S. at 477, 480, 103 S.Ct. at 3167.

4. The Tax Court certified its order for interlocutory appeal under § 7483 of the Tax Reform Act of 1986. This court denied Dugan's petition for permission to appeal the Tax Court's ruling on June 16, 1987. *Dugan v. Commissioner*, 7th Cir.Misc.No. 87–8029.

5. The district court's order became final despite the fact that the government's *ex parte* disclosure motion did not afford appellant the opportunity for intervention and appeal. *See Basic Earth Science*, 821 F.2d at 1293 n. 4.