**In the Matter of GRAND JURY PROCEEDINGS "OPERATION GATEWAY".**

**Appeal of James Charles DUGAN.**

**No. 89–1055.**

United States Court of Appeals, Seventh Circuit.

Argued May 30, 1989.

Decided June 22, 1989.

William A. Whitledge, Dept. of Justice, Tax Div. Appellate Section, Washington, D.C., for appellee.

Patrick B. Mathis, Mathis, Marifian & Richter, Belleville, Ill., for appellant.

Before CUDAHY, FLAUM, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Back for a second bite at the apple is James Charles Dugan, who when last here, 839 F.2d 390 (7th Cir.1988), failed to persuade us that *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), applies retroactively. In 1981 the district court authorized the IRS to have and use information a grand jury had assembled about Dugan. Indictments charged Dugan with tax evasion, failure to file tax returns, and violations of RICO; he pleaded guilty. On the civil side, the IRS issued a deficiency notice concerning Dugan's 1978 and 1979 taxes. After the Tax Court refused to forbid use of the evidence gathered by the grand jury, *Dugan v. CIR*, 49 T.C.M. 586 (1985), Dugan asked the district court and then us to ban its further use without a determination of "particularized need" under Fed.R.Crim.P. 6(e). *In re Basic Earth Science Systems, Inc.*, 821 F.2d 1290 (7th Cir.1987), holds that *Sells* does not apply to the future use of materials obtained before *Sells* under the practice prevailing in this circuit. Although *Earth Science* meant that Dugan could not block future uses authorized by the turnover order of 1981, we observed: "Nothing ... prevents Dugan from asking the district court to rule on whether the IRS is exceeding the scope of the order by seeking to use the materials in the Tax Court proceedings." 839 F.2d at 392.

Whether use (meaning disclosure) of the documents in litigation had been authorized in 1981 is debatable, as the 1981 order allowed disclosure "for purposes of conducting a civil investigation, for tax purposes, of James Charles Dugan." Dugan might have asked the district court to hold that this did not encompass evidentiary use in litigation. He didn't. Instead he asked the Tax Court to grant what we had denied: an order forbidding the government to use the documents unless it demonstrated particularized need. The Tax Court obliged. It issued an order on September 29, 1988, providing (emphasis added):

[I]n the absence of an order duly issued under Rule 6(e) of the Federal Rules of Criminal Procedure by the United States District Court for the Southern District of Illinois specifically authorizing such disclosure or use respondent [the Commissioner of Internal Revenue] shall not disclose *or use in the preparation* or trial of this case any materials heretofore obtained by respondent or his agents from the grand jury in the matter entitled *In re Grand Jury Proceedings "Operation Gateway"* and James Charles Dugan, Docket no. Misc. 81-20-E.

The Tax Court described our suggestion that Dugan visit the district court to obtain clarification of the scope of the 1981 order as "merely an alternative to the motion filed by [Dugan] for a protective order."

The Tax Court's order cannot be reconciled with our decision that the Commissioner is entitled to use the documents in the future. The *only* future use contemplated was use in litigation, and the only reason Dugan had come to the district court and this court—after he had failed to persuade the Tax Court—was the impending introduction of the materials in civil proceedings. We held open the possibility that evidentiary use had not been authorized in 1981, and we told Dugan to return to the district court if he wanted clarification. Dugan had no business seeking, and the Tax Court no authority to issue, an order disagreeing with our conclusion that the Internal Revenue Service may continue to use the documents in preparing for civil litigation.

■ Nonetheless, instead of asking us to review the Tax Court's decision (as by mandamus to enforce our judgment), the IRS meekly asked the district court for the

Rule 6(e) order we had held it did not need. The court made a finding of particularized need, which Dugan asks us to overturn. The district court explained its decision this way:

> The Court cannot ignore the fact that this material has been available to the Commissioner since 1981. Clearly, barring the government from the ability to continue to use this material would significantly, if not detrimentally, affect the agency's ability to recoup taxes that may be due and owing from Dugan. Additionally, the IRS has shown a sufficiently great need for access to this material in order to avoid the unnecessary and arduous task of recreating the voluminous materials in order to effectively proceed before the Tax Court.... To require the IRS to attempt to reconstruct this seven-year-old grand jury investigation is unwarranted under these circumstances.

This falls short of "particularized need". The IRS did not argue to the district court, and does not maintain here, that it would be *unable* to assemble the documents it needs. It argues only that it would be inconvenient and time-consuming to do so —which the district court thought pointless, given that the IRS has had its mitts on the materials for eight years. Inconvenience, delay, even silliness, do not add up to "particularized need", a demanding standard. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *Lucas v. Turner*, 725 F.2d 1095 (7th Cir.1984). Surely the Tax Division of the Department of Justice would demand more before turning over materials gathered by a grand jury in a criminal tax investigation. The long-run interests of law enforcement would not be served by a decision that the paltry showing the IRS made here is "particularized need".

■ Because we held in 1988 that the IRS does not have to show "particularized need" to use the materials in ways approved in 1981, the absence of "particularized need" does not lead to reversal. We infer from the district court's order and accompanying narrative that had Dugan asked the district court to interpret its 1981 order, it would have said that the IRS may employ the documents in litigation. The district court's statement that "The Court cannot ignore the fact that this material has been available to the Commissioner since 1981. Clearly, barring the government from the ability to continue to use this material would significantly, if not detrimentally, affect the agency's ability to recoup taxes that may be due and owing from Dugan" demonstrates as clearly as need be that it would have permitted the IRS to deploy in the Tax Court the fruits of the 1981 order.

Interpreting the district court's opinion as clarification of the 1981 turnover order, we hold that the IRS is entitled to use the grand jury materials in its possession to conduct the pending litigation in the Tax Court, including introducing the materials into evidence. Our 1988 decision, and this one, are preclusive between the parties, and if necessary we will enjoin Dugan from attempting to contradict these decisions in any other forum.

AFFIRMED