**In the Matter of the DECEMBER 3, 1979 HOUSTON DIVISION FEDERAL GRAND JURY, Appellants.**

No. 89–2195.

United States Court of Appeals, Fifth Circuit.

Dec. 14, 1989.

Rehearing Denied Jan. 11, 1990.

individual and corporate business records, which were produced by subpoena to the grand jury, in a case now pending before the Tax Court. The district court, in orders entered in 1979, 1981 and 1988, approved the disclosure. We affirm.

This case appears before us only because a 1988 ruling by the Tax Court prevented the government from further disclosure or use of the materials to which it was originally given access in 1979 and 1981. Grand juries had been investigating two Hajecates, father and son, and others with regard to possible tax evasion, RICO and price fixing. The district court ordered disclosure of the grand jury materials to the IRS for use in its investigation of the Hajecates and related entities for civil tax liability. Based upon its examination of these materials, the IRS asserted civil tax deficiencies against the taxpayers for the years 1976 through 1978.

Before the taxpayers' Tax Court case came to trial, but after the orders producing the grand jury documents to the IRS became final, the Supreme Court narrowed the standards for Fed.R.Crim.P. 6(e) motions granting disclosure of grand jury materials. *United States v. Baggot*, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983); *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983). Henceforth, the government, like private litigants, would have to demonstrate "particularized need" to obtain such materials for use in civil tax actions.

In February, 1988, the Tax Court held that *Baggot* and *Sells* should have "prospective" effect in the Hajecates' case. Thus, while the Tax Court could not undo disclosures previously made to the government under Rule 6(e), further disclosure or use of the materials garnered by the 1979 and 1981 district court orders would not be permitted except upon a showing of "particularized need" by the government. The government was prevented from using in the trial proceedings the grand jury materials upon which it had based its deficiency claims. Moreover, according to the government, most of these documents were original personal and business records that could not be obtained from the taxpayers or elsewhere.

George W. Connelly, Jr., Shelley Cashion and Ruth E. Salek, Chamberlain, Hrdlicka, White, Johnson & Williams, Houston, Tex., for appellant.

William A. Whitledge, Gary R. Allen, Charles E. Brookhart, Dept. of Justice, Washington, D.C., and Henry K. Oncken, U.S. Atty., Houston, Tex., for appellee.

Before GEE, JONES and SMITH, Circuit Judges.

EDITH H. JONES, Circuit Judge:

By this appeal, taxpayers Mr. and Mrs. Hajecate, whose business dealings were the subject of investigation by three grand jury panels between 1978 and 1979, seek to prevent the government from using their

Relying upon the 1979 and 1981 disclosure orders, the government filed a new Rule 6(e) motion covering the documents in the district court which had issued the prior orders.[1] The government also contended that it had demonstrated a "particularized need" for the production of those documents in order to continue its tax case against the Hajecates. The court immediately granted production. Upon receiving a motion for reconsideration by the taxpayers, further briefing and a hearing were held. The district court then issued the production order which is the subject of this appeal, and which authorizes production of all of the grand jury materials except transcripts of testimony by witnesses before the grand jury.

This is not the first time that the Tax Court has decided not to permit the government to use grand jury records that it obtained pursuant to pre-*Baggot* and *Sells* orders. In *In re Grand Jury Proceedings "Operation Gateway" (Dugan II)*, 877 F.2d 632 (7th Cir.1989), a virtually identical procedural path was trod by the government to the Seventh Circuit. There, the taxpayer had already received a Seventh Circuit determination that *Sells* did not apply to the future use of materials obtained before *Sells*. *In re Grand Jury Proceedings "Operation Gateway", Appeal of James Charles Dugan (Dugan I)*, 839 F.2d 390 (7th Cir.1988), *citing In re Disclosure of Grand Jury Material, (Basic Earth Science Systems, Inc.)*, 821 F.2d 1290 (7th Cir.1987). Undaunted, the taxpayer sought and obtained a contrary ruling from the Tax Court, which issued an order forbidding the government to use documents it obtained from the grand jury in 1981, i.e. pre-*Sells*, without a showing of particularized need. Rather than appeal the Tax Court's decision directly, the government, as it did here, asked the district court for a new Rule 6(e) order covering the documents previously produced. When the taxpayer appealed the new production or-der, the Seventh Circuit interpreted the district court's opinion as a clarification of its 1981 turnover order and so enforced it.

Apart from the fact that the Tax Court's order that led to the *Dugan II* decision was square in the teeth of a prior Seventh Circuit opinion allowing disclosure in the same taxpayer's case, we see no significant difference between that case and the one before us. The 1979 and 1981 orders were, regarding the Hajecates' and related entities' records, final, unappealed judgments of the district court. As such, they remained binding "regardless of any subsequent change in the law." *In re Disclosure of Grand Jury Material (Basic Earth Science Systems, Inc.)*, 821 F.2d at 1293. By its 1988 order, the district court simply re-affirmed the validity of the earlier production orders. Perhaps it could have modified or vacated those orders to take into account the new rules announced in *Sells* and *Baggot*, but it did not do so.[2] *See also Dugan I*, 839 F.2d 390 (7th Cir.1988); *In Re Grand Jury Proceedings (Estate of Kluger)*, 827 F.2d 868, 873 (2d Cir.1987). The district court did not purport to base its new production order on a standard of "particularized need," as *Sells* requires. We must infer that it elected to rest on the earlier production orders rather than to vacate or modify those judgments in light of *Sells*.

Because it is our practice to follow the decisions of other circuits unless we strongly disagree with them, and because we strongly agree with the resolution of this tangled procedural skein in *Dugan II*, we conclude that the 1988 order for the production of grand jury documents must be AFFIRMED.

AFFIRMED.

---

1. In the trial court, the government also contended that the business records of the Hajecates and related entities are not grand jury materials, as described in Fed.R.Crim.P. 6(e). The district court did not rule on that question, and it is neither briefed nor argued in this Court.

2. The district court's 1988 disclosure order does narrow the scope of production to the extent that it did not include transcripts of grand jury testimony. The district court did not base this change on the requirements of *Baggot* or *Sells*.